1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    ROSALYN ANGELA WINDHAM EL,           Case No.  25-cv-04241-DMR
8                 Plaintiff,
9          v.                            **ORDER TO SHOW CAUSE RE:
                                          SUBJECT MATTER JURISDICTION**
10   CRISTENE C. SCHONEFELD, et al.,
11               Defendants.

12          Self-represented Plaintiff Rosalyn Angela Windham El ("Windham") filed a complaint and

13   an application for leave to proceed *in forma pauperis* ("IFP") on May 16, 2025.  [Docket Nos. 1

14   (Compl.), 2 (IFP).]  Windham alleges that she is a Moorish American National and "ancient

15   American Inhabitant Executor Fiduciary and Successor Trustee of [a] Trust in Fee Simple

16   Absolute" of a property with address 7361 Claremont Ave, Oakland CA 94705.  Compl. ECF 8.

17   The complaint seeks the ejection from this property of "all squatter persons, principle, agents,

18   heirs and assign named on the grant deed and all current improvements."  *Id.*  The complaint is

19   brought against Cristene C. Schonefeld and Robert S. Schonefeld ("Defendants").  *Id.* at 2.[1]

20          The court considers Windham's complaint and IFP application pursuant to 28 U.S.C.

21   § 1915(a).  A court may allow a plaintiff to prosecute an action in federal court without

22   prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable

23   to pay such fees or provide such security.  *See* 28 U.S.C. § 1915(a).  Having evaluated Plaintiff's

24   financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement

25   of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

26

27   [1] The court notes that Windham brought a similar complaint seeking the ejection of people from a
     property with address 2943 Chestnut St, Emeryville CA 94608, which the court recommended for
28   dismissal for lack of subject matter jurisdiction and failure to prosecute on May 12, 2025.
     *Windham v. Howard*, Case No. 24-cv-09344-WHO, Docket No. 12.

*United States District Court*
*Northern District of California*

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that they may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

The court finds that Plaintiff has not pleaded subject matter jurisdiction.

## I.    SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

1   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

2   presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*,

3   522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A

4   district court has diversity jurisdiction where the parties are diverse and "the matter in controversy

5   exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C. § 1332.

6       Plaintiff alleges that there is federal question jurisdiction under "Article I Section 10

7   Clause 1: No State shall make any thing but gold and silver Coin a Tender in Payment of Debts."

8   Compl. 3.  Plaintiff cannot bring a claim under this clause against two private individuals.[2]  The

9   court is not able to identify a provision under the constitution, laws, or treaties of the United States

10  which provides for the relief sought by Plaintiff.  As such, Plaintiff has failed to plead federal

11  question jurisdiction.

12      Plaintiff also alleges that there is diversity jurisdiction, which requires that the parties are

13  citizens of different states.  Compl. 3; *see* 28 U.S.C. § 1132(a).  A natural person's state of

14  citizenship is determined by the state of domicile.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d

15  853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the

16  intention to remain or to which she intends to return."  *Id.*  Plaintiff lists her own address and the

17  addresses of both Defendants as in California.  Compl. 1-2.  Later, Plaintiff states that she is a

18  citizen of the "Kingdom of California," and that Defendants are citizens of "California

19  Corporation 1850."  *Id.* at 3-4.  All three parties appear to be residents of California.[3]  The court

20  finds that Plaintiff has not demonstrated complete diversity, and the court lacks diversity

---

[2] The U.S. Constitution generally does not provide a remedy for constitutional violations against
private individuals. "With a few exceptions, such as the provisions of the Thirteenth Amendment,
constitutional guarantees of individual liberty and equal protection do not apply to the actions of
private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991).  Rather, these
protections "apply in general only to action by the government."  *Id.*

[3] To the extent Windham may seek to rely on her Moorish citizenship to bypass the diversity
requirement, courts have not been receptive to such arguments.  *See, e.g.*, *Ingram El v. Crail*, No.
18-cv-1976-MCE-EFB PS, 2019 WL 3860192, (E.D. Cal. Aug. 16, 2019) ("Plaintiff's Moorish
citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exists,
and the ploy is not new." (collecting cases)).

jurisdiction.

As it is does not appear that the court has jurisdiction over this action, by no later than **July 29, 2025**, Windham shall explain in writing why this case should not be dismissed for lack of subject matter jurisdiction.  If Windham fails to respond by that date or her response fails to establish a basis for subject matter jurisdiction, the court may prepare a report and recommendation for dismissal of the case.  The Initial Case Management Conference set for August 20, 2025 is VACATED and will be re-set by the court as necessary.

The court refers Windham to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: July 8, 2025

DONNA M. RYU
Chief Magistrate Judge

United States District Court
Northern District of California